RYDER, Judge.
The state appeals from the dismissal of its indictment against Jerry Wayne Key for first degree murder, arguing that the lower court erred in finding unconstitutional pros-ecutorial vindictiveness. We agree that no unconstitutional vindictiveness appears and we reverse.
The state charged appellee by indictment with premeditated murder. Appellee moved to dismiss, alleging that he had earlier been charged by information with second degree murder,[1] and that no new evidence was discovered by the state prior to return of the indictment by the grand jury. The motion alleged that the sole reason for the enhanced eharge was appellee’s exercise of his right to maintain his innocence.
At hearing, counsel for appellee told the court that the assistant state attorney had communicated to him during prior plea discussions that appellee would either have to plead guilty to second degree murder or he would be indicted for first degree murder. In response, the state narrated that it sought the indictment after appellee failed to plead to the second degree charge. The trial judge granted the motion and dismissed the indictment.
We note initially that the posture of the case is odd. No facts to support the motion to dismiss were placed before the court. No sworn testimony was taken by the court as to the prior events; no affidavits were submitted and no stipulations were made. The appellee simply argued allegations, and the state responded without discussing facts. The court then imposed the severe, last resort penalty of dismissing the indictment for premeditated murder. However, the parties did not address this issue on appeal or in the trial court, and we do not discuss it further.
Taking all of appellee’s arguments as true, dismissal of the indictment was improper. In Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the United States Supreme Court considered allegations of prosecutorial vindictiveness arising in a pretrial setting. In that case, the prosecutor told the defendant that if he did not plead guilty, the prosecutor would return to a grand jury and attempt to obtain an additional charge to increase the potential punishment. The defendant refused to plead guilty, and the prosecutor presented the case to the grand jury which returned the sought after indictment. The defendant in Bordenkircher did not allege that the additional charge was unjustified on the evidence, and it was admitted that the evidence substantiating the charge was in the possession of the prosecutor at the time the original indictment was returned. The Supreme Court held that there was no element of punishment for assertion of the right to go to trial in the give and take of plea negotiation, as long as the accused was free to accept or reject the prosecution’s offer. By tolerating and encouraging plea negotiation, the court noted that it accepted as constitutionally legitimate the reality that the prosecutor has an interest at the bargaining table to persuade the defendant to forego his right to stand trial. The court noted that additional charges could not be characterized as an impermissible penalty. Since the charges brought in the original indictment might be abandoned in the course of plea negotiations, a benefit to the defendant, the Supreme Court reasoned that changes in the charging decision that occur in the context *414 of plea negotiation are not a measure of prosecutorial vindictiveness. Just as the prosecutor may forego legitimate charges already brought to save the time and expense of trial, the prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to a lesser charge proves unfounded.
The Supreme Court has recently reaffirmed the absence of a presumption of prosecutorial vindictiveness in similar circumstances. United States v. Goodwin, -U.S. -, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). We hold the case below to be controlled by the holding in Bordenkircher. No impermissible prosecutorial vindictiveness appears from the state’s alleged bargain of either a guilty plea or return of an indictment for premeditated murder.
The order below is REVERSED and the case REMANDED for further proceedings.
BOARDMAN, A. C. J. and CAMPBELL, J., concur.

. We note that Key was charged by the police with first degree murder when he was initially arrested.